[Cite as *Chhun v. Bethesda Butler Hosp.*, 2026-Ohio-2958.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

BUNNAVUTH CHHUN, Administrator :     APPEAL NO.    C-250450
of the Estate of Sokhom Prom,               TRIAL NO.     A-2300061

        :

    Plaintiff-Appellee,

        :

  vs.                      *JUDGMENT ENTRY*

        :

BETHESDA BUTLER HOSPITAL,

        :

A. WORKU, R.N.,

        :

  and

        :

J. BOYLE, R.N.,

        :

    Defendants-Appellants.

        :

This cause was heard upon the appeal, the record, the arguments, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/31/2026 per order of the court.**


**By:**_____
       **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

BUNNAVUTH CHHUN, Administrator
of the Estate of Sokhom Prom,

    Plaintiff-Appellee,

vs.

BETHESDA BUTLER HOSPITAL,

A. WORKU, R.N.,

  and

J. BOYLE, R.N.,

    Defendants-Appellants

:      APPEAL NO.   C-250450
        TRIAL NO.    A-2300061

:

:

:       *O P I N I O N*

:

:

:

:

:

:

:

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 31, 2026

*Croskey Law* Offices and *Robert F. Croskery*, for Plaintiff-Appellee,

*Rendigs, Fry, Kiely & Dennis LLP* and *Brian D. Goldwasser*, for Defendants-Appellants.

**NESTOR, Judge.**

{¶1} In December of 2020, Sokhom Prom was admitted to Bethesda Butler Hospital during the COVID-19 pandemic. Sadly, Prom passed away while at the hospital. Prom's estate bought suit against Bethesda Butler Hospital and its employees.

{¶2} In September of 2020, the Ohio General Assembly passed 2019 Am.Sub.H.B. 606 ("H.B. 606"), a law that broadened immunity to healthcare workers for negligence claims during the pandemic. In this case the hospital defendants moved for summary judgment arguing that H.B. 606 barred Prom's estate's medical negligence claim. The trial court denied the motion holding that H.B. 606 was unconstitutional because it was not in effect when Prom fell at the hospital on December 10, 2020. This interlocutory appeal followed. Holding that we have jurisdiction under R.C. 2505.02(B)(8), we conclude H.B. 606 cannot be applied retroactively because it extinguishes Prom's substantive rights. We affirm the trial court's judgment.

## I. Factual and Procedural History

{¶3} On December 9, 2020, Prom sought medical care at Bethesda Butler Hospital. Prom had COVID-19 symptoms, though she tested negative for COVID. Prom was elderly and had a high risk of falling. She was instructed to not get out of bed on her own. On December 10, 2020, Prom's bed alarm sounded when she rose out of bed unassisted. Hearing the alarm, the patient-care assistant ("PCA") began donning protective gear to enter the room. The PCA told Prom to remain in bed until she could be helped. Hospital policy required the PCA to wear the extra gear because of the COVID-19 pandemic. The requirement of the extra protective gear delayed the PCA from entering Prom's room. When the PCA entered Prom's room, she was on the

floor in the bathroom. Prom injured her head which caused intracranial bleeding. She passed away from her injuries.

{¶4} Bunnavuth Chhun, as administrator of Prom's estate ("Chhun"), filed a complaint against Bethesda Butler Hospital and its employees ("Bethesda defendants"). Chhun alleged negligence, medical negligence, and wrongful death.

{¶5} On August 2, 2024, the Bethesda defendants filed a motion for summary judgment. The Bethesda defendants argued they were immune from Chhun's claims under H.B. 606. Chhun opposed the motion. Chhun argued that H.B. 606 went into effect on December 16, 2020, six days after Prom's death, and did not retroactively apply. The General Assembly passed H.B. 606 on September 2, 2020, and the governor signed H.B. 606 on September 14, 2020. The Ohio secretary of state certified its effective date as December 16, 2020.

{¶6} The trial court denied the Bethesda defendants' motion for summary judgment. The trial court reasoned that H.B. 606 became effective on December 16, 2020, under the plain language of the Ohio Constitution. Because December 16, 2020, was after Prom's death, retroactively applying H.B. 606 would effectively extinguish Chhun's negligence claims. Therefore, the trial court found that H.B. 606 did not grant the Bethesda defendants immunity. The trial court invited the Bethesda defendants to move for summary judgment on the merits, but they declined to do so. Upon request of the Bethesda defendants, the trial court amended its decision. It included that the decision was a final, appealable order. This appeal followed. The Bethesda defendants raised two assignments of error.

{¶7} Before reaching the merits, we must first address jurisdiction.

## II. Jurisdiction of the Court

{¶8} R.C. 2505.02(B)(8) provides, an order is final when it "restrain[s] or

restrict[s] enforcement of a state statute or regulation." *Gemmell v. Evergreen Site Holdings, Inc.*, 2025-Ohio-2258, ¶ 14, 20 (4th Dist.). "[T]he General Assembly listed one purpose for the act as 'to allow an immediate appeal of a court order restricting enforcement of state law.'" *Newman v. Durrani*, 2025-Ohio-5329, ¶ 11 (1st Dist.).

**{¶9}** Though we agree with the trial court's judgment that the application of H.B.606 is unconstitutionally retroactive, we cannot consider its constitutionality in our jurisdictional analysis. *See Doe v. City of Columbus*, 2026-Ohio-1095, ¶ 2. In *Doe*, the Ohio Supreme Court held that appellate courts must presume that the appellant has a "meritorious argument that the statute or ordinance at issue is constitutional." *Id.* at ¶ 22. Without that presumption, the appellate court would have to reach the merits before it found it had jurisdiction. *Id.*[1] Similarly here, if we first decide the law is unconstitutional, then there is an argument that the trial court is not really restricting the law since it is unenforceable. So, for our jurisdictional analysis, we assume H.B. 606 is constitutional.

**{¶10}** In *Newman*, this court examined jurisdiction under R.C. 2505.02(B)(8). The statute at issue in *Newman* was the tolling statute in R.C. 2305.15. The General Assembly amended the tolling statute, and the defendants argued the amended version applied. *Newman* at ¶ 5. However, a retroactive application would have extinguished the plaintiffs' claims. *Id.* at ¶ 7. The trial court denied the defendants' motion, which prevented the application of the new tolling statute. *Id.* The defendants then appealed arguing R.C. 2505.02(B)(8) gave this court jurisdiction

---

[1] *Doe* concerns the application of R.C. 2505.02(B)(4), which allows an interlocutory appeal when an "order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy" and the defendant "would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *Doe* at ¶ 11. Though our analysis concerns R.C. 2505.02(B)(8), we believe the same analysis applies.

5

to hear the interlocutory appeal. *Id*. at ¶ 10. We found otherwise. *Id*. at ¶ 15. We dismissed the appeals for lack of final, appealable orders. *Id*.

**{¶11}** First, we held that the General Assembly did not intend the tolling amendments to apply retroactively because there was no express intent to do so. *Newman*, 2025-Ohio-5329, ¶ 14 (1st Dist.). The trial court reasoned that the prior version of the tolling statute applied. *Id*. So, by using the prior version of the statute, the trial court had "not restrain[ed] or restrict[ed] enforcement of any state statute." *Id*. Accordingly, this court did not have jurisdiction under R.C. 2505.02(B)(8). *Id*.

**{¶12}** Unlike in *Newman*, here the trial court has restricted enforcement of H.B. 606. The General Assembly made H.B. 606 expressly retroactive. Section 4 of H.B. 606 states, "This act applies . . . from the date of the Governor's Executive Order 2020-01D, issued on March 9, 2020, declaring a state of emergency due to COVID-19 through September 30, 2021." Since the General Assembly passed H.B. 606 in September of 2020, Section 4 made the bill explicitly retroactive. By finding it unconstitutional when retroactively applied, the trial court restricted the statute's enforcement.

**{¶13}** Additionally, the case before us differs from *Newman* because there is not a prior version of the statute. In *Newman*, the trial court applied the former version of R.C. 2305.15. *Newman* at ¶ 14. Here, the trial court denied the application of the entire statute.

**{¶14}** Because the trial court found H.B. 606 to be unconstitutionally retroactive, the court's order restricted and restrained enforcement of the statute. We therefore conclude we have jurisdiction to consider this appeal under R.C. 2505.02(B)(8).

### III. Analysis

{¶15} The Bethesda defendants bring two assignments of error. In both, the Bethesda defendants argue the trial court erred in denying summary judgment. First, they argue that the trial court erred in determining the date H.B. 606 went into effect. Second, the Bethesda defendants argue that the trial court erred in determining H.B. 606 was unconstitutionally retroactive. They argue H.B. 606 gives them immunity against Chhun's malpractice claim, and they were entitled to summary judgment as a matter of law.

{¶16} We review summary judgment decisions de novo. *Al Neyer, LLC v. Westfield Ins. Co.*, 2020-Ohio-5417, ¶ 13 (1st Dist.). Under Civ.R. 56(C), summary judgment is proper where "'(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.'" *Id.* at ¶ 14, quoting *State ex rel. Duncan v. City of Mentor City Council*, 2005-Ohio-2163, ¶ 9.

### A. First Assignment of Error

{¶17} In their first assignment of error, the Bethesda defendants argue that the trial court erred in determining which date H.B. 606 went into effect. The Bethesda defendants assert that H.B. 606 is an emergency law that went into effect on March 9, 2020. Alternatively, they argue that the bill went into effect at the very latest on September 14, 2020, when the governor signed the bill into law. If either date applies, then H.B. 606 was effective before Prom fell and the qualified immunity granted to health care workers during the pandemic would apply prospectively.

{¶18} First, the Bethesda defendants argue H.B. 606 is an emergency law that

went into effect immediately upon passage. The Ohio Constitution states, "No law passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state." Ohio Const., art II, § 1(c). There are a limited number of exceptions to this rule. *See id.* Emergency laws are one such exception. Ohio Const., art. II, § 1(d).

**{¶19}** Emergency laws "shall go into immediate effect." *Id.* However, the General Assembly must follow a certain protocol for a law to be an emergency law. Emergency laws require a separate vote on an emergency clause. *Id.* At least "two-thirds of all the members elected to each branch of the general assembly" must vote "yea" in "a separate roll call" for a law to be an emergency law and go into immediate effect. *Id.*

**{¶20}** Despite no such emergency clause vote occurring, Bethesda asserts that H.B. 606 is an emergency law. The Bethesda defendants focus on the wording in Section 1(E), which states, "This section applies from the date of the Governor's Executive Order 2020-01D, issued on March 9, 2020, *declaring a state of emergency* due to COVID-19." (Emphasis added.) Bethesda contends this is an emergency clause and that the Ohio Constitution "does not cabin the General Assembly's ability to set a law's applicability by text."

**{¶21}** The Bethesda defendants' reasoning ignores the plain meaning of the Ohio Constitution and the powers it grants to the General Assembly. The Ohio Constitution states, "No law passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state." Ohio Const., art II, § 1(c). We interpret that unambiguous phrase to mean the Ohio Constitution *does* "cabin the General Assembly's ability to set a law's applicability by text."

**{¶22}** Additionally, H.B. 606's effective date is not September 14, 2020, because that was the day the governor signed it. Again, the constitutional requirements are clear, and a law does not go into effect until 90 days after the governor signs it. H.B. 606 did not go into effect on September 14.

**{¶23}** The secretary of state determined, in accordance with the Ohio Constitution, that the statute became effective on December 16, 2020. Because of this, H.B. 606 is retroactive as applied to Prom's claims that arise from her fall at the hospital on December 10, 2020.

**{¶24}** We overrule the first assignment of error.

### B. Second Assignment of Error

**{¶25}** In their second assignment of error, the Bethesda defendants assert that even if H.B. 606 is retroactive, that retroactive application is constitutional. The Bethesda defendants argue that H.B. 606 is a remedial law because it did not abolish the medical negligence cause of action but adjusted the proof threshold for medical claims during COVID.

**{¶26}** Ohio Const., art. II, § 28 states that the General Assembly has no power to pass retroactive laws. But this rule is not absolute. "Ohio courts have long recognized that there is a crucial distinction between statutes that merely apply retroactively (or 'retrospectively') and those that do so in a manner that offends our Constitution." *Ackison v. Anchor Packing Co.*, 2008-Ohio-5243, ¶ 10, citing *Bielat v. Bielat*, 87 Ohio St.3d 350, 353 (2000). To determine whether a law can constitutionally apply retroactively, the Supreme Court of Ohio developed a two-step inquiry. *Id.* at ¶ 11.

**{¶27}** The first step is to determine whether the General Assembly expressly made the law retroactive. *Id.* at ¶ 12. If the General Assembly fails to clearly enunciate

the retroactivity, the analysis ends. *Id.* If the law is clearly retroactive, then the second step is to determine whether the law is substantive or remedial in nature. *Id.*

**{¶28}** A law is "'substantive' if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligation[s], or liabilities as to a past transaction, or creates a new right." *Id.* at ¶ 15. A law is remedial if it affects "only the remedy provided and . . . merely substitute[s] a new or more appropriate remedy for the enforcement of an existing right." *Id.*, citing *State v. Cook*, 83 Ohio St.3d 404, 411 (1998). "A purely remedial statute does not violate Section 28, Article II of the Ohio Constitution, even if applied retroactively." *Pratte v. Stewart*, 2010-Ohio-1860, ¶ 37. However, if the statute is substantive in nature, then it is unconstitutional when retroactively applied. *Ackison* at ¶ 13.

**{¶29}** H.B. 606 satisfies the first step because the General Assembly expressly made it retroactive. Section 4 states, "This act applies to acts, omissions, conduct, decisions, or compliance from the date of the Governor's Executive Order 2020-01D, issued on March 9, 2020, declaring a state of emergency due to COVID-19 through September 30, 2021." Because the General Assembly passed H.B. 606 on September 2, 2020, and made it expressly retroactive to March 9, 2020, we move on to the second step in the analysis.

**{¶30}** In *Ackison v. Anchor Packing Co.*, the General Assembly passed several laws that required "certain threshold requirements" for asbestos claims. *Ackison*, 2008-Ohio-5243, at ¶ 4. Under the new statutes, plaintiffs needed to file "qualifying medical evidence of physical impairment" with their complaint. *Id.* Otherwise, the claim would be "dismissed 'without prejudice.'" *Id.* The Ohio Supreme Court held that these retroactive laws were remedial rather than substantive. Ackison argued this law was substantive because it altered the "common-law rules pertaining to

asbestos claims." *Id.* at ¶ 18. The Court rejected this argument and reasoned that the added requirements "did not prevent Ackison from pursuing her claim." *Id.* at ¶ 27. The change "did not by itself extinguish the claim." *Id.* Ackison could still bring her claim if she met the new requirements. *Id.*

{¶31} The case before us, however, differs from *Ackison*. H.B. 606 substantively changes the burden of proof for medical claims and bars plaintiffs from bringing a traditional negligence action against health care providers. Section 1 (B)(1)-(4) of H.B. 606 eliminates all tort actions that arise from a health care provider's action, omission, decision, or compliance "as a result of or in response to a disaster or emergency" unless the health care provider's action, omission, decision, or compliance constitutes reckless disregard, intentional misconduct, or willful or wanton misconduct. Under H.B. 606, a plaintiff cannot bring a negligence claim against a health care provider for COVID related claims. Unlike the plaintiff in *Ackison*, retroactively applying H.B. 606 would mean a plaintiff's claim would not survive.

{¶32} In this case, Chhun filed a complaint for damages against the Bethesda defendants claiming negligence, medical negligence, and wrongful death. If H.B. 606 applied to Chhun's claims retroactively, it would extinguish the negligence claim. Chhun cannot bring the negligence claim if the court retroactively applies H.B. 606. H.B. 606 is therefore substantive in nature and is unconstitutionally retroactive.

{¶33} We overrule the second assignment of error.

### *IV. Conclusion*

{¶34} The General Assembly has the power to pass and change laws. But that power is not unlimited. There are strict rules when passing retroactive laws so that a law does not create surprises for parties to a lawsuit. Because we conclude that H.B. 606 cannot constitutionally be applied retroactively, we affirm the judgment of the

trial court.

Judgment affirmed.

**CROUSE, P.J,** and **BOCK, J.,** concur.